IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STEFANIE J. GALLEGOS,

        Plaintiff,

v.                                                             No. 1:18-cv-01201-KRS

ANDREW SAUL,
Commissioner of Social Security,

        Defendant.

## OPINION AND ORDER GRANTING IN PART PLAINTIFF'S MOTION TO REVERSE AND REMAND

THIS MATTER is before the Court upon Plaintiff's Motion to Reverse and Remand for Payment of Benefits, or in the Alternative, for Rehearing (Doc. 19) ("Motion"), filed July 3, 2019. In her Motion, Plaintiff asks the Court to reverse the Commissioner's unfavorable decision, arguing, in sum, that (1) the Appeals Council should have remanded her case under *Lucia v. S.E.C.*, 138 S. Ct. 2044 (2018); (2) the administrative law judge ("ALJ") failed to properly assess the opinions of her treating providers; and (3) the ALJ erred at steps four and five of his analysis.

With the consent of the parties to conduct dispositive proceedings in this matter, *see* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73(b), the Court has considered the parties' briefings, meticulously combed the administrative record, and determined that Plaintiff's second argument has merit. Accordingly, the Court will remand this case for further proceedings. The Court will not reach Plaintiff's remaining arguments as they "may be affected by the ALJ's treatment of this case on remand." *Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003).

## I. PROCEDURAL BACKGROUND

In 2015, Plaintiff filed applications for disability insurance benefits and supplemental security income, alleging that she had been disabled since June 30, 2015, due to obsessive compulsive disorder, post-traumatic stress disorder ("PTSD"), panic attacks, agoraphobia, generalized anxiety disorder, Crohn's Disease, and psoriasis. (AR 260, 264, 290, 293). After denials at both the initial and reconsideration levels of review, Plaintiff's case was heard before ALJ Michael Leppala. (AR 40-108).

In the written decision that followed, ALJ Leppala engaged in the required five-step disability analysis,[1] first finding that Plaintiff had not engaged in substantial gainful activity since her alleged onset date.[2] (AR 14). At step two, ALJ Leppala found that Plaintiff had the severe impairments of anxiety disorders and PTSD. (*Id.*). At step three, the ALJ determined that none of Plaintiff's impairments, whether alone or in combination, met or medically equaled the severity of a listed impairment. (AR 16).

ALJ Leppala next assessed Plaintiff's Residual Functional Capacity ("RFC"),[3] finding that Plaintiff had the RFC to:

> perform a full range of work at all exertional levels but with the following nonexertional limitations: she can understand, carry out, and remember four-step instructions and make commensurate work-related decisions. She can respond appropriately to supervision, co-workers, and work situations. The Claimant can deal with routine changes in a work setting, maintain concentration, persistence, and pace for up to and including two hours at a time with normal breaks throughout a normal workday. She is further limited to occasional interaction with the general public.

(AR 18).

---

[1] *See* 20 C.F.R. § 404.1520 (outlining the five-step analysis).
[2] The ALJ also determined that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2017. (AR 14).
[3] The RFC gauges "what the claimant is still functionally capable of doing on a regular and continuing basis, despite his impairments." *Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir. 1988). *See also* 20 C.F.R. § 404.1545(a)(1).

With Plaintiff's RFC assessment in hand, the ALJ proceeded to steps four and five where, with the help of a vocational expert, he determined that Plaintiff could perform her past relevant work as a data entry clerk, as well as the requirements of representative occupations such as kitchen helper, hospital cleaner, and cleaner. (AR 30-31). Accordingly, ALJ Leppala concluded that Plaintiff was not disabled. (*Id.*). The ALJ's decision became final when, on November 1, 2018, the Appeals Council denied Plaintiff's request for review. (AR 1). *See Sims v. Apfel*, 530 U.S. 103, 106–07 (2000).

## II. STANDARD

Judicial review of the Commissioner's decision is limited to determining "whether substantial evidence supports the factual findings and whether the ALJ applied the correct legal standards." *Allman v. Colvin*, 813 F.3d 1326, 1330 (10th Cir. 2016). *See also* 42 U.S.C. § 405(g). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004) (quotation omitted). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Grogan v. Barnhart*, 399 F.3d 1257, 1261-62 (10th Cir. 2005) (quotation omitted). The Court must examine the record as a whole, "including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Id.* at 1262. Additionally, "[f]ailure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984) (quotation omitted). Even so, it is not the function of the Court to review Plaintiff's claims de novo, and the Court may not reweigh the evidence or substitute its judgment for that of the ALJ. *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994).

### III. ANALYSIS

Prior to articulating his findings regarding Plaintiff's RFC, ALJ Leppala considered the evidence of record and, as is relevant here, afforded "little weight" to the opinions of Plaintiff's treating providers, Dr. Kamila Cass, Cheri Cerghizan, CNP ("NP Cerghizan"), Bonni Amsden, LPCC ("LPCC Amsden"), and Robin Blackwell, LISW ("LISW Blackwell"). (AR 28). Plaintiff argues that ALJ Leppala failed to provide legitimate reasons for the rejection of this evidence. The Court agrees.

At the time of the ALJ's decision, licensed physicians, such as Dr. Cass, qualified as "acceptable medical sources" whereas licensed social workers, clinical counselors, and nurse practitioners, including NP Cerghizan, LPCC Amsden, and LISW Blackwell, were considered "non-acceptable medical sources" (hereinafter "other sources"). While only an "acceptable medical source" can give medical opinions, establish the existence of a medically determinable impairment, and be considered a treating source, SSR 06-03p, 2006 WL2329939, at *2 (August 9, 2006), information from "other sources" "may provide insight into the severity of the impairment(s) and how it affects the individual's ability to function." *Id.* Accordingly, an ALJ is required to consider and weigh every opinion contained in the record. *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161 (10th Cir. 2012); 20 C.F.R. § 404.1527(c), (f).

In determining what weight to give to an opinion, the ALJ evaluates several factors including, inter alia, the supportability and consistency of the opinion. 20 C.F.R. § 404.1527(c)(1)-(6). The ALJ need not expressly consider all of the relevant factors, but his or her decision must be "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the…opinion and the reasons for that weight." *Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007) (quotation omitted). Additionally, the ALJ's decision must

provide the Court "with a sufficient basis to determine that appropriate legal principles have been followed." *Byron*, 742 F.2d 1232, 1235 (10th Cir. 1984). As detailed below, ALJ Leppala's evaluation of the evidence in question falls short of these mandates.

All four of Plaintiff's treating providers assessed Plaintiff with a variety of psychologically based limitations which, they opined, would limit, if not preclude, Plaintiff's ability to engage in sustained work activities. (AR 520-21, 601-614). In just one paragraph, ALJ Leppala rejected these opinions on the grounds that the providers' findings were not "adequately explained" and were "contradicted by the Claimant's activities, like trips to Pennsylvania and New York"; treatment notes and the evidence of record did not support the assessed limitations; LPCC Amsden, CNP Cerghizan, and LISW Blackwell did not qualify as acceptable medial sources; and Plaintiff was present when CNP Cerghizan and Dr. Cass completed their assessments, "tainting the integrity of the report[s]." (AR 28). The ALJ's findings are not supported by substantial evidence.

While supportability and inconsistency are valid reasons for rejecting an opinion, *see* 20 C.F.R. § 404.1527(c)(2)(i)-(c)(6), the Court is unable to conclude that either apply in this case. To illustrate, ALJ Leppala never clarifies why he deemed the providers' explanations inadequate. Dr. Cass stated that she based her opinion on psychological reports and assessments gathered over twenty-three psychotherapy sessions with Plaintiff. (AR 519, 522). Similarly, CNP Cerghizan indicated that she based her opinion on progress and office notes spanning more than a year. (AR 603, 606). LPCC Amsden noted that she has treated Plaintiff for eight months and, although Plaintiff is dedicated and committed to therapy, she has yet to meet any of her treatment goals and continues to suffer from PTSD and anxiety related limitations. (AR 607-609). Finally, in a letter dated February 10, 2016, LISW Blackwell explained that Plaintiff's PTSD symptoms

"appear to worsen in high-stress situations" and thus she is "unable to navigate workplace stress." (AR 575). Without any indication as to why the ALJ determined that these explanations were deficient, the Court can neither follow nor affirm the ALJ's reasoning. *See, e.g.*, *Oldham*, 509 F.3d at 1258.

ALJ Leppala further attempts to discredit the providers' opinions by noting that Plaintiff was capable of travel. (AR 28). Yet, this notation is misleading. At her May 8, 2017 hearing, Plaintiff testified that she had traveled to Philadelphia to meet her boyfriend's family and that they spent a day in New York. (AR 67). Plaintiff further explained that during her time in New York, she had a panic attack and "jumped out of an Uber." (AR 67). She also stated that the flights to and from Philadelphia were "extremely stressful" as she "get[s] in trouble with the stewardesses quite a bit." The ALJ's reasoning omits discussion of this testimony. This was error. An ALJ may "not ignore evidence that does not support his decision," *Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1239 (10th Cir. 2001), or pick and choose from the record. *Hardman v. Barnhart*, 362 F.3d 676, 681 (10th Cir. 2004).

The ALJ's claim that the providers' opinions are not supported by their treatment notes or the evidence of record does not fare any better. Not only is this statement void of any specific examples of conflicting evidence and/or inconsistencies, but it also fails to demonstrate how—or even if—the unidentified evidence serves to undermine the providers' assessments. As a result, the Court cannot find that the ALJ provided a legally sufficient reason for rejecting the providers' opinions. *See Hardman*, 362 F.3d 676 at 679 (explaining that conclusory statements with no link to the evidence or facts prevents meaningful review of the ALJ's decision).

The ALJ's remaining two justifications for rejecting the providers' opinions fail as well. LPCC Amsden, CNP Cerghizan, and LISW Blackwell's status as "other sources" is an

insufficient reason to reject their opinions outright. *See, e.g.*, 20 C.F.R. § 404.1527(f) (explaining that the opinions of other sources must be considered and explained in the discussion of the evidence and noting that, in certain circumstances, such opinions may outweigh those provided by acceptable medical sources). And, the fact that Plaintiff was present when CNP Cerghizan and Dr. Cass completed their assessments also fails to provide a valid basis for discrediting the providers' findings. *Cf. McGoffin v. Barnhart*, 288 F.3d 1248, 1253 (10th Cir. 2002) (holding that an alleged advocacy posture is not a proper basis for the rejection of a provider's opinion).

## IV. CONCLUSION

ALJ Leppala failed to properly support his rejection of the opinions provided by Dr. Cass, LPCC Amsden, CNP Cerghizan, and LISW Blackwell. Because the Court "cannot simply presume that the ALJ applied the correct legal standards" in evaluating this evidence, *Watkins*, 350 F.3d at 1301, the Court must reverse the Commissioner's decision and remand for further proceedings. Consequently, these circumstances do not lend themselves to a court ordered award of benefits. *See, e.g.*, *Salazar v. Barnhart*, 468 F.3d 615, 626 (10th Cir. 2006) (awarding benefits to a disabled individual after determining that further proceedings on remand would not serve any useful purpose).

On remand, the Commissioner is directed to reevaluate the aforementioned opinion evidence in accordance with 20 C.F.R. § 404.1527(c)(1)-(6), and ensure that the weight assigned to this evidence is supported by substantial evidence.

**THE COURT, THEREFORE, ORDERS** that Plaintiff's Motion to Reverse and Remand for Payment of Benefits, or in the Alternative, for Rehearing (Doc. 19) is hereby **GRANTED** as to Plaintiff's request for remand and reevaluation, and **DENIED** in regard to her

request for payment of benefits. The Court further **ORDERS** that this matter is **REMANDED** for additional proceedings consistent with this order.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE